IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID BARRETT, | ) Civil No.: 3:14-cv-02047-JE |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AND ORDER |
| v. | ) |
| ELIZABETH CAMPOS, SCOTT B. ALLEN, LINDA DAVIDSON, Regional Director, RONALD K. HOOKS, | ) ) ) |
| Defendants. | ) |

David Barrett
5526 NE 15th Avenue
Portland, OR 97211

Plaintiff *pro se*

JELDERKS, Magistrate Judge:

Pro se Plaintiff Barrett brings this action under 42 U.S.C. §§2000e – 2000e-17 and ORS 659A.030 asserting race, gender and disability discrimination claims against Defendants. Plaintiff has applied to proceed *in forma pauperis* and has moved for the appointment of pro bono counsel.

Plaintiff's application to proceed *in forma pauperis* is granted and his motion for

FINDINGS AND RECOMMENDATION AND ORDER – 1

appointment of counsel is denied. For the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process on the basis that it fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Discussion**

Under 28 U.S.C. § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

In addition, federal courts are courts of limited jurisdiction, and are presumed to lack jurisdiction over a case unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal district courts may hear only those cases that are within the judicial power conferred by the United States Constitution or by statute. Richardson v. United States, 943 F.2d 1107, 1112-13 (9th Cir.1991), cert. denied, 503 U.S. 936, 112 S.Ct.

1473 (1992).  Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."  See also Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. See, e.g., Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974).

      Plaintiff's Complaint comprises a court-provided Employment Discrimination Complaint Form, which was filled out by hand.  Under "STATEMENT OF CLAIMS," boxes are checked indicating that the discriminatory conduct of which Plaintiff complains includes termination of his employment, discrimination in terms and conditions of his employment, retaliation and harassment.  The Complaint indicates that the conduct occurred between October 2011 and April 2014 but also indicates by checkbox that defendants are "still committing these acts against [Plaintiff]."  Plaintiff alleges only that he "was fired for gross misconduct from Kaiser" and has "evidence to prove that there was no gross misconduct, and that the Union did not treat me fairly in representing me, and that I was retaliated against."  Plaintiff seeks two and a half million dollars for loss of income and pain and suffering.

      Under the "JURISDICTION" section, the Complaint Form clearly sets forth "In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission."  Under "Exhaustion of Federal Administrative Remedies" the Form asks for the date when a charge was filed with the Equal Employment Opportunity Commission (EEOC).  Plaintiff has not indicated a date.  Plaintiff has marked the box indicating that the EEOC and/or the Oregon Bureau of Labor and Industries has issued a Notice of Right to Sue letter but has not, as requested, indicated the date he received the letter or attached a copy of the Notice of Right to Sue Letter to his Complaint.

FINDINGS AND RECOMMENDATION AND ORDER – 3

The Complaint references both Plaintiff's alleged employer, "Kaiser" and "the Union" but neither entity is a named defendant and there is no indication of how those individuals who are named allegedly caused Plaintiff's harm.  The summary assertions in Plaintiff's Complaint fail to inform Defendants of enough particulars of the events alleged so that Defendants can understand the claims asserted against them.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555)(internal quotation omitted).  Plaintiff's brief statement of his claims lacks sufficient specific factual content to permit the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged.  Accordingly, the Complaint fails to state a claim upon which relief can be granted.

In addition, before a Title VII suit may be filed in federal court, a plaintiff must file a complaint with EEOC within 180 days after the occurrence of the alleged violation, or, if the plaintiff initially instituted proceedings with the appropriate state agency, within 300 days of the alleged violation, receive a right to sue letter from the EEOC, and file suit within 90 days of receipt of the right to sue letter. 42 U.S.C. § 2000e-5; Mueller v. Los Angeles Fire Dept., 637 F.2d 616, 617 (9th Cir.1980).  Although Plaintiff's Complaint indicates, by checkbox, that the EEOC issued a Notice of Right to Sue Letter, Plaintiff has not provided the requested details regarding his exhaustion of administrative remedies nor has he attached a copy of the Letter as instructed.  I conclude that these omissions are not a basis for dismissal.  However, if Plaintiff chooses to file an Amended Complaint, the Court notes that provision of the details regarding Plaintiff's administrative claim and a copy of a Notice of Right to Sue Letter would assist in determining the Court's jurisdiction over Plaintiff's potential federal employment claims.

FINDINGS AND RECOMMENDATION AND ORDER – 4

As a final matter, Plaintiff also moves for appointment of pro bono counsel. Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). While this court has discretion to request volunteer counsel for indigent plaintiffs in "exceptional circumstances," the court has no power to make a mandatory appointment. 28 U.S.C. § 1915(e)(1) (formerly §1915(d)); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301–08 (1989).

In determining whether "exceptional circumstances" exist, a court considers the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In the present case, I do not find the requisite exceptional circumstances to support the appointment of counsel under § 1915(e)(1). Plaintiff's motion for appointment of pro bono counsel is, therefore, denied.

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (# 2) is GRANTED. Plaintiff's motion for appointment of pro bono counsel (#3) is DENIED. This action should be DISMISSED without service of process for failure to state a claim upon which relief may be granted. A judgment should be entered dismissing the action without prejudice and with leave to file an amended complaint, curing the deficiencies noted above, within thirty days of the date of the Order.

**<u>Scheduling Order</u>**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 20, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 31st day of December, 2014.

                /s/ John Jelderks
                John Jelderks
                U.S. Magistrate Judge